**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HENDY RIYANTO HO; FNU LILY, | No. 12-72537 |
| Petitioners, | Agency Nos.    A089-780-547<br>A089-780-548 |
| v. |  |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. |  |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Hendy Riyanto Ho and FNU Lily, natives and citizens of Indonesia, petition

for review of the Board of Immigration Appeals' ("BIA") order dismissing their

appeal from an immigration judge's decision denying their applications for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the BIA's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

The record does not compel the conclusion that the discrimination, harassment, and other incidents of harm petitioners experienced in Indonesia, even considered cumulatively, rose to the level of persecution. *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009); *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003). In addition, substantial evidence supports the agency's finding that, even under a disfavored group analysis, petitioners failed to establish sufficient individualized risk of harm to demonstrate a well-founded fear of persecution. *See Halim*, 590 F.3d at 977-79; *cf. Sael v. Ashcroft*, 386 F.3d 922, 929 (9th Cir. 2007). We reject petitioners' contentions that the BIA failed to adequately consider their claims of non-physical harm or otherwise failed to adequately consider the evidence in the record. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1096 (9th Cir. 2000) (petitioner must overcome the presumption that the agency considered all the evidence). We also reject petitioners' contention that the BIA did not apply the disfavored group analysis correctly to their claim. Accordingly, their asylum claim fails.

Because petitioners have not established eligibility for asylum, they necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzalez,* 453 F.3d 1182, 1190 (9th Cir. 2006). We reject petitioners' contention that the BIA failed to apply a disfavored group analysis to their withholding of removal claim.

Finally, substantial evidence supports the agency's denial of CAT relief because petitioners failed to establish that it is more likely than not that they will be tortured by or with the acquiescence of a public official or other person acting in an official capacity if they return to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**

12-72537